Quarracy L. Smith, Esq.
(AZ State Bar #033515)
James M. Green
(AZ State Bar #032211)
*Attorneys for Plaintiff*

Smith & Green, Attorneys at Law, P.L.L.C.
3101 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Phone: (602) 812-4600
Email(s): qsmith@smithgreenlaw.com
         jgreen@smithgreenlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHRISTOPHER BROWN,<br><br>  Plaintiff,<br><br>vs.<br><br>WALMART STORES, INC.,<br><br>  Defendant. | **COMPLAINT**<br><br>**(ADA Violation)**<br>**Jury Trial Demanded** |

The Plaintiff, Christopher Brown, by and through undersigned counsel, for his first complaint against Walmart Stores, Inc., a Delaware Corporation, alleges as follows:

# INTRODUCTION

1. On January 18, 2018, Plaintiff, Christopher Brown, applied for the Customer Availability Process Team Associate (2nd position) at the Wal-Mart located on 14111 N. Prasada Gateway Avenue Surprise, Arizona 85388; Store #5429 ("Store #5429").

2. Plaintiff worked this position previously at another Wal-Mart Store.

3. Plaintiff interviewed with the Assistant Manager, Eliana Gonzalez, of Store #5429 on January 23, 2018.

4. During the interview, Eliana Gonzalez, asked Plaintiff if he had a disability.

5. Plaintiff is a qualified individual with a disability that places substantial limits on one or more of his major life activities as compared to an average person in the general population.

6. In response, Plaintiff disclosed his disability to Eliana Gonzalez and that he could perform all the necessary functions of the job with or without a reasonable accommodation.

7. Eliana Gonzalez continued to inquire about Plaintiffs disability.

8. Eliana Gonzalez discussed her reservations about Plaintiff's disability in the interview with Plaintiff.

9. On January 24, 2018, Plaintiff, Christopher Brown, was contacted by another employee of Store #5429 and told that he was not hired due to his disability.

10. Plaintiff was later contacted by the store management and informed that he was not selected for the position.

11. On January 24, 2018, Plaintiff, Christopher Brown, went to Store #5429 to inquire why he was not hired for the position.

12. Plaintiff found Eliana Gonzalez in the store and confirmed her identity. She confirmed that she was Eliana Gonzalez.

13. Plaintiff asked the following:

> *"I have a question. I know the last time I interviewed with you—I know you guys were concerned about my disability. Is that why I wasn't hired?"*

14. Eliana Gonzalez stated:

> *"Well no, but we have to look at the other interviewers too . . . it depends on the kind of work you will be doing. . . it is a repetitive kind of work . . . it just means you weren't hired for that position. . . Well, see, that's where we have to, as managers, we kind of interview all of the interviewees, of course, and we have to pick the best one. Um, unfortunately, yes, because of your disability—that was kind of the biggest concern. Especially because it is a repetitive type of, you know . . . that type of stuff—I wouldn't want to put your health somewhere so a week from now you won't be cut for the position. We gotta look at the bigger picture."*

15. Plaintiff, Christopher Brown, could perform all the essential functions of the posted job with or without reasonable accommodation.

16. Because of Plaintiff's disability, he was denied the position and thus suffered an adverse employment action.

17. There is a causal connection between the disability and the adverse employment action because Ms. Gonzales refused to hire Plaintiff, a qualified individual with a disability, because of his disability.

18. Defendant acted with reckless indifference to the federally protected rights of the Plaintiff.

19. Plaintiff filed a Charge of Discrimination ("Charge") with the EEOC on February 5, 2018.

20. On or about December 14, 2018, the EEOC issued their Notice of Right to Sue, based upon the Charge.

**JURISDICTION, PARTIES AND VENUE**

21. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

22. This action is authorized and instituted pursuant to Title I of the American's with Disabilities Act, and the Americans with Disabilities Act Amendment Act of 2008.

23. The employment and hiring practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

24. Plaintiff, Christopher Brown, at all times material hereto, is a resident of Maricopa County, Arizona.

25. Defendant, Wal-Mart, at all times material hereto, is a Delaware Corporation which operates locations throughout the United States, including the state of Arizona.

26. Defendant, Wal-Mart, at all material times hereto employed at least 15 employees.

27. Defendant, Wal-Mart, has continuously been an employer engaged in an industry affecting commerce within the meaning of § 29 CFR 401.3.

**COUNT ONE**

(ADA – Failure to Hire)

28. Plaintiff realleges and incorporates by reference all previous allegations contained the foregoing paragraphs as though fully set forth herein.

29. On January 18, 2018, Plaintiff, Christopher Brown, applied for a position at Store #5429.

30. Plaintiff, Christopher Brown, can fully perform all of the essential functions of the Customer Availability Process Team Associate 2nd position at Store #5429.

31. Plaintiff, Christopher Brown, was not offered the Customer Availability Process Team Associate 2nd position at Store #5429.

32. Plaintiff, Christopher Brown, has a (or was regarded as having) disability that places substantial limits one or more of his major life activities as compared to an average person in the general population.

33. Plaintiff, Christopher Brown, was not offered the job because of his disability.

34. Accordingly, Plaintiff suffered an adverse employment action because of his disability.

## COUNT TWO

(ADA – Preemployment Inquiry)

35. Plaintiff realleges and incorporates by reference all previous allegations contained the foregoing paragraphs as though fully set forth herein.

36. On January 18, 2018, Plaintiff, Christopher Brown, applied for a position at Store #5429.

37. Plaintiff, Christopher Brown, can fully perform all of the essential functions of the Customer Availability Process Team Associate 2nd position at Store #5429.

38. During the interview process, store manager, Eliana Gonzalez, inquired about Plaintiff's Disability.

39. Plaintiff, Christopher Brown, was not offered the Customer Availability Process Team Associate 2nd position at Store #5429.

COMPLAINT

40. Plaintiff, Christopher Brown, has a (or was regarded as having) disability that places substantial limits one or more of his major life activities as compared to an average person in the general population.

41. Plaintiff, Christopher Brown, was not offered the job because of his disability.

42. Accordingly, Plaintiff suffered an adverse employment action because of his disability.

**WHEREFORE,** Plaintiff prays for the following relief from Defendant:

    A. For damages in the amount to be proven at trial,

    B. All other non-pecuniary damages as to be proven at trial,

    C. Punitive damages,

    D. Any non-monetary relief the court deems just and proper;

    E. Attorney's fees and any other associated costs of litigation; and

    F. For such other and further relief as the court deems just and proper.

**RESPECFULLY SUBMITTED** this 12th day of March 2019.

/s/Quarracy L. Smith
_____
Quacy L. Smith, Esq.
3101 N. Central Avenue, Suite 690
Phoenix, Arizona 85012
*For the Plaintiff,*
Christopher Brown